IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALLIN CALHOUN,

    Petitioner,

v.                                          Case No. 4:17cv294-MW/CAS

JULIE JONES, Secretary,
Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On June 27, 2017, Petitioner Wallin Calhoun filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his judgment and sentence imposed by the Second Judicial Circuit Court in Leon County on June 14, 2012. *Id.* On April 6, 2018, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits.[1] ECF No. 15. Petitioner filed a reply on June 20, 2018. ECF No. 18.

The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern

---

[1] Respondent filed this motion after four (4) Motions for Extension of Time to File Response/Reply. *See* ECF Nos. 6, 8, 11, 13.

District of Florida Local Rule 72.2 (B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8 (a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## PROCEDURAL HISTORY

On May 25, 2011, Petitioner was charged with one count of sexual battery on a mentally defective victim. Ex. A at 9.[2] On June 11, 2012, Petitioner was charged with an additional count, Count II: Lewd or Lascivious Molestation. *Id.* at 10. On June 14, 2012, following a jury trial, Petitioner was convicted of Count I, the lesser included offense of battery, and Count II, Lewd or Lascivious Molestation. Ex. A at 68. Petitioner was sentenced to fifteen (15) years in prison for Count II, and the state trial court dismissed Count I "based upon [the] double jeopardy principle, since

---

[2] Hereinafter, all citations to the state court record, "Ex.-," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 15.

it would have been a lesser included of Count II." Ex. E. at 476. Petitioner was also designated as a sex offender. Ex. E at 478.

On June 18, 2012, Petitioner filed a direct appeal of his judgment and sentence to the First District Court of Appeal (DCA). Ex. A at 82. On December 5, 2013, the First DCA per curiam affirmed the case without a written opinion. Ex. I. In the meantime, on June 19, 2012, Petitioner filed a pro se motion to correct a sentencing error. Ex. A at 83. On June 20, 2012, the state trial court struck Petitioner's motion as a nullity because Petitioner filed the motion pro se while represented by counsel. *Id.* at 84. On June 22, 2012, Petitioner filed a pro se motion for a modification of his sentence. *Id.* at 85. The state trial court struck Petitioner's motion as a nullity on June 25, 2012, because he was still being represented by counsel. *Id.* at 86.

On March 30, 2015, Petitioner filed a pro se petition for writ of habeas corpus pursuant to Florida Rule of Appellate Procedure 9.100 in the First DCA. Ex. J. On April 14, 2015, the First DCA per curiam denied the petition on the merits without a written opinion. Ex. K. On April 24, 2015, Petitioner filed a motion for rehearing, which was denied by the First DCA on May 27, 2015. Exs. L-M.

On June 16, 2015, Petitioner filed a motion for post-conviction relief and a motion for the appointment of "Fla. R. Crim. P. Rule 3.850 counsel." Ex. N at 4, 39.  On March 17, 2016, the state trial court struck grounds 1, 2, and 4 of Petitioner's motion for post-conviction relief because the claims "lack[ed] sufficient factual support."  *Id.* at 96.  The state trial court gave Petitioner sixty (60) days to amend his motion and "sufficiently plead grounds 1, 2, and 4."  *Id.*  On May 16, 2016, Petitioner filed an amended motion for post-conviction relief.  *Id.* at 98.  On June 9, 2016, Petitioner filed a motion to dismiss his amended 3.850 motion without prejudice because the motion had been prepared by an "untrained person, who is not a certified law clerk, and has been disciplined for his frivolous actions."  *Id.* at 121.  Petitioner requested an additional sixty (60) days to amend his motion.  *Id.* at 122.  On June 20, 2016, the state trial court denied Petitioner's motion to dismiss without prejudice, but granted a sixty (60) day extension to amend grounds 1, 2, and 4.  *Id.* at 126.

Petitioner filed another amended motion for post-conviction relief on August 11, 2016.  *Id.* at 130.  On September 15, 2016, the state trial court denied Petitioner's amended 3.850 motions and his motion for the appointment of "Fla. R. Crim. P. 3.850 counsel."  *Id.* at 188.  On September

27, 2016, Petitioner filed a motion for rehearing.  *Id.* at 371.  On October 4, 2016, the state trial court denied the motion for rehearing.  *Id.* at 374.

On October 11, 2016, Petitioner filed a notice of appeal from the denial of his post-conviction motion.  *Id.* at 375.  Petitioner filed an amended notice of appeal on October 21, 2016.  Ex. P at 1F.  On June 12, 2017, the First DCA per curiam affirmed the case without a written opinion.  Ex. R.  Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on June 27, 2017.  ECF No. 1.

## ANALYSIS

### Statutory Tolling

Petitioner has filed a pro se petition for writ of habeas corpus under Title 28, United States Code, section 2254.  ECF No. 1.  Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitation period starts on (a) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," (b) the date on which an unconstitutional impediment which prevented the applicant from filing is removed, (c) the date on which a right, if recently recognized by the

Supreme Court, is made retroactively applicable to cases on collateral review, or (d) the date on which facts of the claims presented could have been discovered through due diligence.  *Id.*  When a proper application for post-conviction relief has been filed with the State court, time will be tolled while the claim is pending.  *Id.*

Petitioner's convictions became final on March 5, 2014, when the ninety (90)-day period to seek review in the United States Supreme Court expired, following the conclusion of his direct appeal on December 5, 2013. *Supra* at 3; s*ee* Sup. Ct. R. 13 (2013) (providing that petition for writ of certiorari is timely when filed "within 90 days after entry of the order denying discretionary review"); *see also* Clifton v. Sec'y, Dep't of Corr., No. 06-61236-CIV, 2012 WL, n.3 (M.D. Fla. Aug. 27, 2012) (stating Supreme Court of Florida does not have jurisdiction over per curiam decisions on direct appeal, therefore "filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile, [and] Petitioner was not required to file such a petition to toll the one-year limitations period for ninety days").

Petitioner's one-year AEDPA limitations period began on March 5, 2014, and ran until it expired on March 5, 2015.  Ex. I; *see* Ferreira v. Sec'y, Dep't of Corr., 494 F. 3d 1286, 1289 n.1 (11th Cir. 2007) (stating that

Case 4:17-cv-00294-MW-CAS   Document 19   Filed 07/06/18   Page 7 of 11

Page **7** of **11**

limitations period ends on anniversary date of triggering event); Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008) (using anniversary method). Petitioner did not file any proper motions for post-conviction relief in the state trial court until March 30, 2015.  Ex. J; *see supra* at 3.  At this point, however, his AEDPA time had already expired.  Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.").

## Equitable Tolling

Under § 2244(d)(2), Petitioner's § 2254 petition is untimely. 28 U.S.C. § 2244(d)(2).  The one-year limitations period established in section 2244(d) is not jurisdictional, however, and, as a consequence, "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 560 U.S. 631, 645 (2010).  Equitable tolling requires Petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Holland, 560 U.S. at 623 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Petitioner must meet both requirements.  To satisfy the second requirement, Petitioner must show "extraordinary circumstances that are both beyond [petitioner's] control and

unavoidable even with diligence." Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999).

Petitioner is not entitled to equitable tolling. Petitioner does not address timeliness or equitable tolling in his petition. *See* ECF No 1. In his reply, ECF No. 18, Petitioner claims he was unable to file a state post-conviction motion between March 5, 2014, and March 5, 2015, because he was "transferred numerous times from his base camp to the state medical facility on numerous occasions due to nasal and hernia surgeries." *Id.* at 8. Petitioner asserts he was unable to file his 3.850 motion for "approximately 106 days after his March 5, 2015 limitation period." *Id* at 7. This statement is not supported by the record. *Id.* Petitioner filed a Rule 9.100 motion on March 30, 2015, just twenty-five (25) days after his federal limitations period expired. *See* Ex. J.

Petitioner has not shown he diligently pursued his rights before the AEDPA limitations period expired. Nothing in the record indicates Petitioner attempted to access the law library during his transfers. Petitioner claims he was not able to "properly" access the library as a "transit" inmate, but does not explain how this prevented him from filing a state post-conviction motion. ECF No. 18 at 7-8. Moreover, limited access to the law library is not a sufficient circumstance that warrants equitable

tolling.  *See* Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); Earl v. Fabian, 556 F.3d 717, 723-25 (8th Cir. 2009); Paulcin v. McDonough, 259 Fed. App'x 211, 213 (11th Cir. 2007) (transfers and limited access to legal papers do not constitute extraordinary circumstances.).

    Petitioner also has not shown that the medical transfers were extraordinary circumstances.  Generally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" because they are the "usual incidents of prison life."  Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002).

    Finally, Petitioner has not claimed that his medical conditions were extraordinary circumstances that prevented him from filing state post-conviction motions or his federal § 2254 petition.  ECF No. 17 at 8, Attachment 1: Appendix.  Though Petitioner sought treatment for nasal polyps and a hernia, he does not suggest that his medical conditions sufficiently debilitated him as to constitute extraordinary circumstances. ECF No. 17 at Attachment 1: Appendix; *see* Lang v. Alabama, 179 Fed. App'x. 650 (11th Cir. 2006) (petitioner with rectal cancer who underwent triple coronary bypass surgery not entitled to equitable tolling because he failed to show medical conditions were debilitating).  Therefore, Petitioner's

§ 2254 petition filed in this Court on June 29, 2017, is untimely and should be dismissed.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 472, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 15, be **GRANTED**, Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely, and a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.**